Dear Representative Askins,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Title 10 O.S. 2001, § 7005-1.4[10-7005-1.4](E) of the Oklahoma Children'sCode provides for the release to the public of certaininformation by the Oklahoma Department of Human Services, theOklahoma Commission on Children and Youth, or the districtattorney in cases involving the death or near death of a child.If one of the three entities decides to release information thatit generated itself about an investigation concerning a child,does that entity have a duty to disclose any other informationspecified in subsection E that it received from any of the otherentities specified in that section?
 Subsection E
¶ 1 The provision of statutory law on which you seek an official Opinion is found in the Oklahoma Children's Code under Article V pertaining to children's records. See 10 O.S. 2001 
Supp. 2005, §§ 7005-1.1-7005-1.8. Subsection E of Section 7005-1.4, however, does not necessarily deal with records, but rather with "information" of the types set forth in that subsection. The released information may be a record if it is memorialized in a form which meets the definition of record found in the Oklahoma Open Records Act. See 51 O.S. Supp. 2005, §24A.3[51-24A.3](1). Subsection E of Section 7005-1.4 reads as follows:
 1. In cases involving the death or near death of a child when a person responsible for the child has been charged by information or indictment with committing a crime resulting in the child's death or near death, there shall be a presumption that the best interest of the public will be served by public disclosure of certain information concerning the circumstances of the investigation of the death or near death of the child and any other investigations concerning that child, or other children living in the same household.
 2. At any time subsequent to seven (7) days of the date the person responsible for the child has been criminally charged, the Department of Human Services, the Oklahoma Commission on Children and Youth, or the district attorney may release the following information to the public:
 a. a confirmation that a report has been made concerning the alleged victim or other children living in the same household and whether an investigation has begun,
 b. confirmation as to whether previous reports have been made and the dates thereof, a summary of those previous reports, the dates and outcome of any investigations or actions taken by the Department of Human Services in response to any report of child abuse or neglect, and any actions taken by the district attorney after submission of any investigative report, and
 c. the dates of any judicial proceedings prior to the child's death or near death, a summary of each participant's recommendations made at the judicial proceedings, and the rulings of the court.
 3. Any disclosure of information pursuant to this section shall not identify or provide an identifying description of any complainant or reporter of child abuse or neglect, and shall not identify the name of the child victim's siblings or other children living in the same household, the parent or other person responsible for the child or any other member of the household, other than the person criminally charged.
Id. (emphasis added).
¶ 2 The definitive verb phrase contained in the statute and emphasized above is "may release." As such, the portion of the statute pertaining to the release of information is permissive and not mandatory. "`May' denotes a permissive statute. ' Shall' signifies a mandatory directive or command." Grimes v. City ofOklahoma City, 49 P.3d 719, 724 (Okla. 2002). Therefore, the "three entities" you refer to in your request and specified in subsection E as the Department of Human Services, the Oklahoma Commission of Children and Youth and the district attorney, do not have a duty to release any of the information specified in subsection E.
¶ 3 More specifically you ask, once a decision has been made to disclose, may the disclosing entity confine the disclosure to information derived only from records it generated or must it disclose information derived from obtained records as well? Neither subsection E nor any other provision of the Children's Code creates any such duty. As set forth above, the disclosure of any information is permissive. Accordingly, any of the three entities exercising the permissive authority to disclose information under subsection E may release any or none of the types of information described in that subsection regardless of its source.
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Title 10 O.S. 2001, § 7005-1.4[10-7005-1.4](E) deals with the public release of information, not necessarily records. The release of information pursuant to 10 O.S. 2001, § 7005-1.4[10-7005-1.4](E) is permissive and there is no duty for the Department of Human Services, the Oklahoma Commission on Children and Youth or the district attorney to make any disclosure. If one of the entities decides to disclose information, there is no duty to disclose any information specified in subsection E that the entity received from any of the other entities specified in that section.
 W.A DREW EDMONDSON Attorney General of Oklahoma
 RICHARD D. OLDERBAK Assistant Attorney General